KAREN P. HEWITT
United States Attorney
REBECCA S. KANTER
Assistant U.S. Attorney
California State Bar No. 230257
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6747

Attorneys for Plaintiff
United States of America

FILED
AUG - 5 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Case No. 08cr1167-BEN |
| Plaintiff, ) | |
| v. ) | PLEA AGREEMENT |
| GRANT YEROOMIAN (1), ) | |
| Defendant. ) | |

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, Karen P. Hewitt, United States Attorney, and Rebecca S. Kanter, Assistant United States Attorney, and defendant, GRANT YEROOMIAN, with the advice and consent of Michael H. Artan, Esq., counsel for defendant, as follows:

I

THE PLEA

A.   The Charge. Defendant agrees to plead guilty to count one of the Indictment charging him with:

knowingly and intentionally importing approximately 8.95 kilograms (approximately 19.96 pounds) of opium, a Schedule II Controlled Substance, into the United States from a place outside thereof, on or about March 29, 2008, within the Southern District of California, in violation of 21 U.S.C. §§ 952 and 960, and Title 18, United States Code, Section 2.

//

Def. Initials
08   1167

B. <u>Timeliness/Offer Revocation</u>. The disposition contemplated by this agreement is conditioned on (1) the original plea agreement being signed by defendant and defense counsel and returned to Government counsel by **June 30, 2008**, and (2) the guilty plea being entered on or before **August 1, 2008**.

C. <u>Forfeiture</u>. The defendant further agrees to the administrative and/or civil forfeiture of all properties seized in connection with this case which the defendant agrees are subject to forfeiture to the United States pursuant to Title 21, United States Code, Section 881 ~~1324(b)~~. The defendant further waives his right to receive timely notice of administrative forfeiture as set forth in 18 U.S.C. § 983(a) and waives receipt of all notice of forfeiture in this and all other administrative and civil proceedings. Defendant warrants and represents as a material fact that all property in which he has any interest may be forfeited as described above.

## II

## NATURE OF THE OFFENSE

A. **ELEMENTS EXPLAINED**

Defendant understands that the offense to which defendant is pleading guilty has the following elements:

1. Defendant intentionally brought opium into the United States; and
2. Defendant knew that it was opium or some other prohibited drug.

B. **ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS**

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime, and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

1. On or about March 29, 2008, defendant knowingly and intentionally rode as a passenger in a gold 2000 Toyota Camry bearing California license 4HZR498 (the "vehicle"), driven by co-Defendant Joseph Shanoian, from Mexico into the United States through the San Ysidro, California Port of Entry (POE).

2. At the time the vehicle described above entered the United States through the San Ysidro POE, concealed within two suitcases in the trunk of the vehicle was approximately 8.95 kilograms (19.69 pounds) of opium, a Schedule II Controlled Substance.

//

Def. Initials _____
08CR1160

2

3. Defendant picked up the two suitcases from an unindicted co-conspirator at the Tijuana Airport and placed them in the trunk of the vehicle.

4. Defendant knowingly and intentionally placed the suitcases in the vehicle and rode in the vehicle into the United States through the San Ysidro POE, knowing that the suitcases in the vehicle contained approximately 8.95 kilograms (19.69 pounds) of opium, or some other prohibited drug.

III

**PENALTIES**

Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

A. a maximum 20 years in prison;

B. a maximum $1,000,000 fine;

C. a mandatory special assessment of $100.00 per count; and

D. a term of supervised release of at least 3 years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release.

IV

**DEFENDANT'S WAIVER OF TRIAL RIGHTS**

Defendant understands that this guilty plea waives the right to:

A. continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B. a speedy and public trial by jury;

C. the assistance of counsel at all stages of trial;

D. confront and cross-examine adverse witnesses;

E. present evidence and to have witnesses testify on behalf of defendant; and

F. not testify or have any adverse inferences drawn from the failure to testify.

//
//
//
//
//

Def. Initials ___
08CR1167

## V

## DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

The Government represents that any information establishing the factual innocence of defendant known to the undersigned prosecutor in this case has been turned over to defendant. The Government will continue to provide such information establishing the factual innocence of defendant.

Defendant understands that if this case proceeded to trial, the Government would be required to provide impeachment information relating to any informants or other witnesses. In addition, if defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. Defendant acknowledges, however, that by pleading guilty defendant will not be provided this information, if any, and Defendant also waives the right to this information. Finally, defendant agrees not to attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

## VI

## DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A. Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel, and has a clear understanding of the charges and the consequences of this plea;

B. No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the court;

C. No one has threatened defendant or defendant's family to induce this guilty plea; and

D. Defendant is pleading guilty because in truth and in fact defendant is guilty and for no other reason.

## VII

## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory

Def. Initials
08CR1167

## VIII

### APPLICABILITY OF SENTENCING GUIDELINES

Defendant understands the sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). Defendant understands further that in imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory, and the court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. Defendant understands further that the sentence cannot be determined until a presentence report has been prepared by the U.S. Probation Office and defense counsel and the Government have had an opportunity to review and challenge the presentence report. Nothing in this plea agreement shall be construed as limiting the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

## IX

### SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). Defendant understands that the sentence is within the sole discretion of the sentencing judge. The Government has not made and will not make any representation as to what sentence defendant will receive. Defendant understands that the sentencing judge may impose the maximum sentence provided by statute, and is also aware that any estimate of the probable sentence by defense counsel is a prediction, not a promise, and is **not binding on the Court**. Likewise, the recommendation made by the Government is not binding on the Court, and it is uncertain at this time what defendant's sentence will be. Defendant also has been advised and understands that if the sentencing judge does not follow any of the parties' sentencing recommendations, defendant nevertheless has no right to withdraw the plea.

//

Def. Initials
08CR1167

# X

# PARTIES' SENTENCING RECOMMENDATIONS

A.    SENTENCING GUIDELINE CALCULATIONS

Although the parties understand that the Guidelines are only advisory and just one of the factors the court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments and Departures (if applicable):

1. Base Offense Level [§ 2D1.1(c)(7)]     26*
2. Safety Valve (if applicable) [§§ 2D1.1(b)(11) and 5C1.2]     -2**
3. Acceptance of Responsibility [§ 3E1.1]     -3

**Total Offense Level**     **21**

*Based on conversion of 1 g opium = 50 g marijuana, therefore 8.95 kg opium = 447.5 kg marijuana. Includes an 11% reduction for packaging, resulting in equivalent of 398.28 kg marijuana.

**If defendant truthfully discloses to the government all information and evidence the defendant has concerning the offense and relevant conduct, and if defendant otherwise qualifies for the "safety valve" in § 5C1.2, the government will recommend a two-level reduction under § 2D1.1(b)(11), and relief from any statutory mandatory minimum sentence pursuant to § 5C1.2. Defendant understands that if he does not qualify for § 5C1.2, defendant may be subject to a statutory mandatory minimum sentence.

B.    ACCEPTANCE OF RESPONSIBILITY

Notwithstanding paragraph A.3 above, the Government will <u>not</u> recommend any adjustment for Acceptance of Responsibility if defendant:

1. Fails to admit a complete factual basis for the plea at the time it is entered, or
2. Denies involvement in the offense, gives conflicting statements about that involvement, or is untruthful with the Court or probation officer, or
3. Fails to appear in court, or
4. Engages in additional criminal conduct, or
5. Attempts to withdraw the plea, or

Def. Initials ___

08CR1167

6. Refuses to abide by any lawful court order, or

7. Contests or assists any third party in contesting the forfeiture of property(ies) seized or forfeited in connection with this case.

C. ADJUSTMENTS

The parties agree that defendant may request additional downward adjustments and that the Government will oppose any downward adjustment not set forth in Section X, paragraph A above.

D. NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties have **no** agreement as to defendant's Criminal History Category.

E. DEPARTURES

The parties agree that defendant may request additional downward departures, including criminal history departures under USSG § 4A1.3. The parties agree further that the Government will oppose any downward departure not set forth in Section X, paragraph A above.

F. "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The parties agree that the facts in the "factual basis" paragraph of this agreement are true, and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

G. PARTIES' RECOMMENDATIONS REGARDING CUSTODY

The parties agree that the Government will recommend that defendant be sentenced to the **low end** of the advisory guideline range as calculated by the Government pursuant to this agreement. However, if the Court adopts an offense level or downward adjustment or departure below the Government's recommendations in this plea agreement, the Government will recommend a sentence as near as possible to what the sentence would have been if the Government's recommendations had been followed.

H. SPECIAL ASSESSMENT

The parties will jointly recommend that defendant pay a special assessment in the amount of $100.00 to be paid forthwith at time of sentencing. The special assessment shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

Def. Initials

08CR1167

## XI

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, including any restitution order, unless the Court imposes a custodial sentence above the greater of the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing or statutory mandatory minimum term, if applicable. If the custodial sentence is greater than the high end of that range, the defendant may appeal, but the Government will be free to support on appeal the sentence actually imposed. If defendant believes the Government's recommendation is not in accord with this agreement, defendant will object at the time of sentencing; otherwise the objection will be deemed waived.

If defendant breaches this plea agreement, at any time, by appealing or collaterally attacking the conviction or sentence, in any way, the Government may prosecute defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement. Additionally, the Government may use any factual admissions made by defendant pursuant to this plea agreement in any such prosecution.

## XII

## CRIMES AFTER ARREST OR BREACH OF THE AGREEMENT WILL PERMIT THE GOVERNMENT TO RECOMMEND A HIGHER SENTENCE OR SET ASIDE THE PLEA

This plea agreement is based on the understanding that, prior to defendant's sentencing in this case but after his revocation of pre-trial release, defendant has not committed or been arrested for any offense not known to the Government prior to defendant's sentencing. This plea agreement is further based on the understanding that defendant will commit no additional criminal conduct before sentencing. If defendant has engaged in or engages in additional criminal conduct during this period, or breaches any of the terms of any agreement with the Government, the Government will not be bound by the recommendations in this plea agreement, and may recommend any lawful sentence. In addition, at its option, the Government may move to set aside the plea.

//

## XIII

## ENTIRE AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

## XIV

## MODIFICATION OF AGREEMENT MUST BE IN WRITING

No modification of this plea agreement shall be effective unless in writing signed by all parties.

## XV

## DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant has read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

## XVI

## DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation.

KAREN P. HEWITT
United States Attorney

8/5/08
DATED

REBECCA S. KANTER
Assistant U.S. Attorney

7/29/08
DATED

MICHAEL H. ARTAN
Defense Counsel

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE.

7/29/08
DATED

GRANT YEROOMIAN
Defendant

Def. Initials
08CR1167